Plaintiff Appellant St. Louis Effort For AIDS All right, Mr. Angoff, good morning. Good morning. May it please the Court, I'm Jay Angoff. I represent Plaintiff Appellant St. Louis Effort For AIDS. The issue before the Court is whether our preemption claim and our First Amendment claim arise from a common nucleus of operative fact. The Court below concluded that they do not. We believe that the Court below is mistaken because the District Court answered the wrong question. Rather than determining whether our claims arose from the same facts, from the same fact pattern, instead the Court determined that our two claims involved different legal analyses. The Court observed correctly that First Amendment analysis involves different considerations than Supremacy Clause analysis. But that doesn't answer the question whether the claims arise from the same facts. They do, and on this issue, the common nucleus of operative fact issue, this Court's decision in Rogers Group v. City of Fayetteville is dispositive. In that case, a quarry challenged a local ordinance that restricted what the quarry could do based on both state grounds and constitutional grounds. The case is complicated. It addresses several issues. But at the end of the decision, the last two lines in the penultimate paragraph before the conclusion, the Court makes clear that when two claims challenge the same statute, in that case the same ordinance, that means that those claims arise from a common nucleus of operative fact. That's exactly the case in our case. We challenged the Missouri statute based on both preemption and on First Amendment grounds, and the Court ruled on preemption grounds. It did not reach our constitutional claim, just as in Rogers Group, in which the Court ruled that in an analogous situation, the plaintiff is entitled to his attorney's fees. We believe we are here, too. Now, what makes it clear, I think very clear, that the Court was mistaken on this issue is the structure and the manner of analysis that the Court went through in its opinion. In order for us to be eligible for attorney's fees, we must be a prevailing party, our constitutional claim must be substantial, and our constitutional claim must arise from the same nucleus of operative fact as our non-fee-bearing claim. What about the requirement in Smith v. Robinson that your claim be reasonably related to your success? Do you agree that that is a requirement? Yes, I agree that some courts articulate that third criterion of reasonably related, but that reasonably related is sort of circular. The courts say that what reasonably related means is that they arise from the same case or controversy. Well, I question whether that's correct analysis because, as you say, it is circular. Don't you think the Supreme Court was saying it has to be more than just arising from the same nucleus? It has to actually be related to your success in the litigation? I don't think that's what the Supreme Court was saying at all. In Higgins v. Levine or... No, I'm talking about Smith v. Robinson, which came after Higgins. And Smith v. Robertson involved the unusual fact situation in which the statute there, the Court found that the statute there intended that the plaintiff's sole remedy was through that statute and therefore couldn't independently... I understand what happened in the end in Smith v. Robinson, but I'm saying that the Court articulated a requirement that your fee-generating claim be reasonably related to your ultimate success and that you cannot rely simply on the fact that your fee-generating claims were made during the course of the same litigation. And as I look at this case, it seems to me that's really what you're doing. You're saying, well, we won on preemption. We also had a First Amendment claim that was at least non-frivolous, and therefore we get fees. Why should that be the rule? Because that is the law in the Eighth Circuit, as articulated in Rogers' group. Rogers' group says exactly that. It says that because in Rogers' group, because the quarry's challenge to the ordinance and its constitutional due process claim, because they both challenged the ordinance, therefore they arose from a common nucleus of operative fact. So you think if a plaintiff just throws in a meritless constitutional claim that gets over the bar of non-frivolous, that it gets fees? That's really the rule of law that you seem to be advocating. You think we've already adopted that rule? Judge Colleton, yes. I don't think that plaintiffs have or can just throw in meritless constitutional claims.  As this court set out in Rogers' group versus City of Fayetteville, the test is that the allegations of the complaint must raise a substantial constitutional claim sufficient to confer jurisdiction. Well, that's misleading. The use of the word substantial, as you know, in that context is equated with non-frivolous. It doesn't mean that it has to have merit or even that it has to be a 50-50 claim. It just has to be non-frivolous. So when I say you can throw in a meritless claim, I mean there are lots of claims that we reject day in, day out, that we don't call frivolous and order sanctions and say we don't have jurisdiction. But they're weak. And what you're saying is if we throw in a weak First Amendment claim with a preemption claim, we get fees. And I wonder why that should be the rule. To those who would want to change the rule, I'd argue that their relief, their complaint should be addressed to the legislature, to Congress, not to the courts, because the law is clear. Well, where in 1988 does Congress say that, I mean, this is all based on a footnote in a committee report that was in a footnote in Higgins v. Levine, as I recall. Is there more to it than that? That language from the committee report is cited in Rogers' group. It's cited by cases in all circuits, in most circuits, I can't say for sure, in every circuit. But it's widely cited. And I think the key language, Judge Colleton, is from Maher v. Gagney, the 1980 Supreme Court case. Maybe I'm mixing up Maher and Higgins. There's a footnote in Maher about the committee report. Is that what you're referring to? Lots of cases cite the committee report. But Maher v. Gagney is very explicit about not wanting the test for substantiality to be overbearing because what that case says is that Congress wanted to encourage the vindication of constitutional rights, while at the same time not undermining the policy of avoiding constitutional adjudication wherever possible. Well, all right, so do you think the court, though, should have to say at least that this was a strong enough constitutional claim to trigger the avoidance canon or something like that? There should be some level of scrutiny of the merits of the constitutional claim before you get fees? I think that Rogers Group and the Supreme Court cases, Higgins v. Levine and Maher v. Gagney, are the law. However, even if there were a higher standard, we would clearly meet that standard in this case. Our First Amendment claim was an equal partner with our preemption claim. We argued it equally. The space we devoted to it was equal. And, Judge Colleton, you may remember at the oral argument on the merits, the most interesting discussion and the discussion that took the most time was your discussion with counsel for the Agents Association when the Agents Association disagreed with the state, its ally, as to what the proper meaning of advice was. And that was a First Amendment issue. So I think there's no question that even if there were a much higher standard, in this case we would meet it. Another example is, you know, there was a Tennessee case where challenging the same type of statute, and the ruling there, we set the appendix A-54, which is part of our preliminary injunctions papers. The ruling there was on First Amendment grounds. And I think it would be unfair to penalize plaintiffs. We could have brought a case solely on First Amendment grounds, but we thought we had a very good preemption, which is a very strong grounds. We thought that we had a very strong preemption claim, too. So I think it would be very unfair to penalize plaintiffs for adding a meritorious claim to a constitutional claim. I think it would be unfair to penalize plaintiffs for adding a non-fee bearing. How does it work in the district court, then? Suppose you're right that you meet these criteria for fees. Can the district court discount the fee award at all based on the fact that the constitutional claim was never resolved, or does the court have to give you 100% as though you won on the constitutional claim? Well, I mean, the district court certainly has discretion as to the amount of fees, and it has discretion as to, with respect to discounting the fees, based on the extent of the relief obtained. Now, we would argue, obviously, that we obtained a tremendous amount of relief, and that's tremendously beneficial not only to our plaintiff, but to all the other plaintiffs who could never afford to retain counsel. I meant can the court discount based on the fact that the fee-generating claims were never resolved, or a basis for the relief. I don't know if the courts have ever addressed that issue. Counsel, there's a long line of cases on frivolous versus non-frivolous. Are you aware of them, particularly in employment law, Fox versus Vice? The Supreme Court in recent years has been very tough on saying that it's a but-for situation, that the plaintiff should not be reimbursed for work performed on claims that bear no relationship to the grant of relief. You've got to look at the result and look at a but-for cause. Can't that be applied here? It's 1988 they're interpreting. I think it could. I'm afraid, Your Honor, I'm not familiar with the Fox case. But I think we've got to go back and just look at the law that has been articulated both by this circuit and by other circuits. I mean, no one has ever... The state has never claimed that our claims are frivolous. If you look at these cases throughout this circuit and other circuits, there's been no claim that these cases are frivolous, and to the extent that the claim is... To the extent that the state really believes the claim is weak, the state has an opportunity to get rid of the claim at an early stage of the case. Well, Smith versus Robinson, I didn't need to go to those exotic cases. Smith versus Robinson itself says that close examination of the nature of the claims and the relationship to ultimate success is required. It seems to me like you can figure it out from there. Right? Can't the district court do that? Discount based on how it really worked? The district court could. The district court has discretion to do that. And I think it's very important to look at the district court's analysis and to see that when the district court says, ask the question, are we a prevailing party? It cites the controlling case and it articulates the test from that case and explains that, yes, under that case, under that test, we are a prevailing party. When it comes to the question whether we are... whether this case is... whether we've raised a substantial claim, the district court cites Rogers Group for the test. The district court cites that test... articulates the test and says that we meet that test. The district court did not... and that issue has not been appealed. The only issue that was... the only... I mean, the state didn't appeal that finding, that conclusion. Well, they won, so they didn't need to appeal. They prevailed. But you're saying they never contested the substantial prong. They only contested... Correct. And so the only... what the district court was left with was the common nucleus of operative fact test and on that, the court did not set out any case, did not articulate... I just wonder if the court was sort of conflating the Smith v. Robinson analysis when it was talking about common nucleus because the court does say at one point that the First Amendment arguments were not related in any way to the considerations for the supremacy claims. And I wonder if that was a way of saying the First Amendment claims were not reasonably related to your ultimate success. Go ahead. Are you saying that's what the district court said in this case? The part that I was quoting, yes. The district court in this case said the First Amendment considerations were never examined by the court or the Eighth Circuit and are not related in any way to the considerations for the plaintiff's supremacy claims. And that's where we believe the court went wrong because those are different legal analyses. We challenged the three provisions which the court struck down on both First Amendment and preemption grounds. We also had to do, as Your Honour might remember from the argument on the merits, we also had a due process argument that the provision that allowed the state to punish navigators for other good cause without defining it violated due process. That was not, and the court below originally said, expressed concern about that, said that was a roving commission to punish, but that was not a First Amendment challenge. That was a due process challenge. So the court never rejected any First Amendment challenge nor any issue raising a First Amendment claim. All right, well, I think you're... With the court's permission, I reserve the balance. You may, you may reserve. We'll hear from Mr. Taylor for the state, for the director, I should say. Good morning. May it please the court. The default rule is that each party pays their own attorney's fees. The plaintiff's position, however, would eviscerate that rule and unjustifiably shift the cost of preemption litigation onto the states. Here's why. This case was fought and decided on preemption grounds. The plaintiffs did include other claims in their petition, but these claims melted away rapidly as the case progressed. First, before this court, on appeal of the district court's preliminary injunction order, this court found that the plaintiffs had abandoned many of the other claims and expressly rejected another. Second, back before the district court, the plaintiffs abandoned every other claim except for First Amendment claims against the three specific provisions that had already been found to be preempted. Unsurprisingly, the district court did not address the merits of those First Amendment claims. Now, even though the plaintiffs admit that preemption claims do not support an award of attorney's fees, they are now asking for all of their fees in this case. Well, how do you deal with all the case law, though, that says that doesn't mean they're disentitled? If the claim is unaddressed but it was raised, you have Maher and you have these Eighth Circuit cases like Rogers Group. Sure, yeah. There is the judicially crafted exception to the default rule that says that there are certain circumstances where a non-fees claim can't support an award of fees, but I would submit that that exception should not be applied in this case for three primary reasons. First, the first reason the exception should not be applied in this case is it would end up with a result where it's difficult to see a limit to where the exception would never apply. Yeah, well, that's why I was asking what leeway the district court has. Right, especially in a preemption case. Any time a party challenges a state law on preemption grounds and on some other constitutional ground, the court is almost always likely to resolve it on preemption grounds without ever seriously scrutinizing the other constitutional claim. Yeah, but the problem, you say there's no limit to the other side's position, but suppose they had a slam-dunk winner First Amendment claim. The state was clearly violating their First Amendment rights, but it was also a preemption. Right. Why should they not get fees in that case just because the court decides to rule on preemption instead of the First Amendment? The case law, as you addressed during the balance argument, discusses the different criteria, and the district court applied that criteria, the case law, correctly and determined that that wasn't the case. In fact, if they really did have First Amendment claims in their petition, they brought First Amendment claims against several provisions of the state law, but when it finally came down to the end, they basically abandoned all of them and never addressed the merits and chose not to go forward on those. Is that the reason, though, that the district court ruled as it did? Well, I think, as was discussed earlier, the district court addressed that there was no development of the factual record on the First Amendment claims. There was no connection between the plaintiff's success in the case and the First Amendment claims. And really, when it boils down to it, under the plaintiff's position, it's really hard to conceive of a situation where a plaintiff couldn't include some claim to basically support a fee award. Well, it's got to be substantial. You agree with that? Correct. It's got to arise from the same common nucleus of operative fact. Correct. And it also has to be reasonably related to the success. In the end, right? Yeah, and as the district court decided in this case, that wasn't met here. Well, the district court just said it wasn't arising from a common nucleus of fact, as I recall. I don't think it addressed the other two elements. Do you disagree with that? Well, I mean, they laid out the standard, and then they started addressing why they believed that the standard wasn't met. They didn't cite to the Smith v. Robinson case, but I think it's appropriate with the case law on that issue. And I'll also point out that to the extent that the district court could have written the opinion better, I would direct the court to the Farrar v. Hobby case, which they decided to in the reply brief. In that case, the Supreme Court actually ruled that the lower court had misapplied the law of who a prevailing party was, but they ultimately decided to affirm the denial of fees in that case on different grounds. And I'll also point to the appellant's brief in the underlying merits case before this court on page A129, where they cite to a case that says that a district court's judgment can be affirmed on any grounds. I'd like to return to the reasons why the exception should be applied in this case. The second reason is that oftentimes in preemption litigation, the preemption claim will be in direct conflict with the other constitutional claim. For example, you have instances where there is significant overlap between the federal law and the state law, and so any attack against the state law will be an attack on the federal law. And that's really the ironic thing about this case, is the plaintiff's First Amendment claims would apply with equal force to the Affordable Care Act, the very act that they used to find the state law preempted. Both the Affordable Care Act and the state law place requirements on a person who voluntarily chooses to engage in this navigator program. And I think that's part of the reason why, especially in this preemption context, it's difficult to see where you would have rejoined claims, because the preemption claim will usually always resolve the issues. The third reason the exception should not be applied in this case is that unlike in civil rights litigation, which 42 U.S.C. 1988 was directed to, in those cases the state has more control over the outcome. In the preemption context, the state has far less control of the ultimate outcome. In many ways, they're subject to either the Congress and the laws that they pass, or is more common nowadays to a federal agency and the regulations they pass. And so when the Congress passed 42 U.S.C. 1988, they decided to, in the context of civil rights litigation, if the state messes up and goes over the line and violates the Constitution, a party is entitled to their fees in that case. But there is no expressed statutory authority in these situations where, in the context of preemption litigation, where that cost should be shifted onto the states if that line is not drawn exactly right. Can you elaborate when you say the state has more control in the other situation? You mean when the other claim is based on state law? Is that what you mean? Correct. So if you have a state law, and the argument is it violates some fundamental right of the U.S. Constitution, the state, when they're creating the law, well, they have more control over whether or not that's going to come in conflict with the U.S. Constitution. In the context of preemption, because of the supremacy clause, they're more subject to whatever either the federal agency or the U.S. Congress passes. So you could have a state law that's been in place for several years, and then the Congress or a federal agency passes a law that now conflicts with that state law. And what I submit is that the statute has addressed the first situation and does not shift the cost of the preemption litigation when there's a conflict based on supremacy grounds. Ultimately, I believe the district court applied the law correctly, and we respectfully request that the court affirm the judgment. Thank you. Do you really think that the claims did not arise from a common nucleus of operative fact, when you say the court correctly applied the law, or are you arguing to affirm on a different ground? Well, I would say when you look at the case law, it says the common nucleus of fact is basically a claim that you would bring in the same case. And that's almost anything involved in the same statute. And I think what the district court was addressing is just the fact that there's a different factual basis for the claims, and First Amendment claims you would develop much more evidence on different factors than you would in a preemption case. And he was separating the two. But, yes, I would agree that if you were to solely look at the common nucleus and decide that the district court maybe should have addressed that issue differently, that judgment can be affirmed under the other case law that's been discussed. All right. Thank you for your argument, Mr. Taylor. Thank you. I appreciate it. Mr. Angoff, I think you're anxious to speak. I think your time has expired, but we'll give you one minute. Oh, okay. The state says that the court below expressly rejected our First Amendment claims. That just is not the case. Both that court and this court both expressly declined to reach the First Amendment issue. The state posits the situation of the federal government coming along and enacting a statute that then creates a question as to whether that statute preempts a preexisting state law. That's exactly the opposite of what happened here. What happened here was there's a federal law, and then the state enacted a law, which clearly, in our view, both conflicted with the federal law and violated the First Amendment. And finally, Your Honor, Judge Colleton, I'll agree with you that the test for substantiality could be stronger. But the law is very clear. Both the Supreme Court and this circuit have defined what a common nucleus of operative fact is. And that test applied in Roger's group. It applies here. All right. Thank you very much for your argument. Thank you. The case is submitted. The court will deliberate and file an opinion in due course.